**No. 56911.**—W. A. Cleary Corp. and W. R. Keating & Co., Inc. *v.* United States, protests 181903–K, 182079–K, and 186594–K (New York).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise consists of lecithin (soybean residual sludge) similar in all material respects to that the subject of *United States* v. *C. J. Tower & Sons* (38 C. C. P. A. 131, C. A. D. 450), the claim of the plaintiffs was sustained.

**No. 56912.**—F. Strauss & Son, Inc. *v.* United States, protest 179441–K/14049 (New Orleans).

Opinion by Johnson, J. At the trial, the customs inspector testified that the case he reported as short was not received with the shipment. Plaintiff's second witness also testified that a case was short when the shipment was received, but that one case was shipped later and that duty and internal revenue taxes were again paid thereon. In view of the evidence presented and following *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), it was held that duty and internal revenue tax are not assessable upon the case shown to have been short-landed. The protest was sustained to this extent.

**No. 56913.**—Carson M. Simon & Co. *v.* United States, protest 172051–K (Philadelphia).

Opinion by Johnson, J. At the trial it was stipulated that the correct dutiable weight of the steel beams in question is 219,200 pounds. Accepting this stipulation as an agreed statement of fact, it was held that the merchandise is dutiable at one-eighth of 1 cent per pound under paragraph 312, as modified, *supra*, on the basis of 219,200 pounds.